**[ECF No. 1]**

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE 9TH FAMILY COURT IN BURSA, TÜRKIYE IN THE MATTER OF ÌBRAHIM KURT V. SAFIYE KURT** | **Civil No. 26-7748 (CPO/EAP)** |

**MEMORANDUM ORDER**

This matter having come before the Court on Petitioner United States of America's *ex parte*[1] Application for an Order, pursuant to 28 U.S.C. § 1782(a), to execute a Letter of Request from judicial authorities in Bursa, Türkiye, for international assistance in obtaining testimony by written affidavit from Halil Ekiz, ECF No. 1 (U.S. Appl.); and the Court having considered Petitioner's submission; and the Court exercising its discretion to decide the Application without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1; and for the following reasons, the Application is **GRANTED**.

[1] "Courts presented with an *ex parte* application under § 1782 routinely allow the initial application to proceed on an *ex parte* basis." *In re Nicieza*, No. 26-5043, 2026 WL 1734920, at *1 n.1 (D.N.J. June 16, 2026) (citing *In re Ex parte Petition for Jud. Assistance Pursuant to 28 U.S.C. § 1782*, No. 20-8444, 2020 WL 6129607, at *1 (D.N.J. Oct. 19, 2020) (granting an *ex parte* application and noting that when an application seeks issuance of a subpoena, which the receiving party may move to quash, that party's rights are not substantially affected); *In re Mesa Power Grp. LLC,* No. 11-280, 2012 WL 6060941, at *4 (D.N.J. Nov. 20, 2012) (granting *ex parte* application and reasoning that "[a]pplications pursuant to 28 U.S.C. § 1782 are frequently granted *ex parte* where the application is for the issuance of subpoenas and the substantial rights of the subpoenaed person are not implicated by the application.")). "However, other courts have allowed the party from whom the discovery is sought to intervene and oppose or otherwise respond to the initial application for § 1782 relief." *Id.* (citing *In re JSC United Chem. Co. Uralchem*, No. 20-3651, 2020 WL 4251476, at *1 (D.N.J. July 24, 2020) (allowing the party to be subpoenaed to intervene and oppose *ex parte* application under § 1782)).

**<u>Factual Background</u>**

1. The United States has brought this request for international judicial assistance on behalf of the 9th Family Court in Bursa, Türkiye (the "Turkish Court"). In February 2026, the Turkish Court issued a Letter of Request seeking assistance in obtaining testimony from Halil Ekiz, a resident of Delran, New Jersey, for use in the divorce proceedings of *Ìbrahim Kurt v. Safiye Kurt*, Foreign Reference Number 2024/551. ECF No. 1-4 (Decl. of Trial Attorney Agatha Koprowski ("Koprowski Decl.")) ¶ 2 & Ex. A (Letter of Request). The specific information sought, which pertains to the marital relationship, is set forth in a subpoena addressed to Mr. Ekiz. *Id.* ¶ 3 & Ex. B (Proposed Subpoena). The Turkish Court's request was transmitted to the United States Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance ("OIJA") in Washington, D.C., pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 ("Hague Convention"). *Id.* ¶ 1.

2. On March 12, 2026, OIJA sent a letter seeking Mr. Ekiz's cooperation, with a requested response date of April 3, 2026. *Id.* ¶ 5 & Ex. C-1 (Mar. 12, 2026 Proof of Delivery). The package was delivered by Federal Express, signature required, on March 16, 2026. *Id.* When OIJA did not receive a response, it sent a second letter on April 9, 2026, again seeking his cooperation, with a requested response date of May 1, 2026. *Id.* ¶ 6 & Ex. C-2 (Apr. 9, 2026 Proof of Delivery). That package was delivered by Federal Express, signature required, on April 13, 2026. *Id.* Again, after receiving no response, OIJA sent a third letter to Mr. Ekiz, with a requested response date of June 5, 2026. *Id.* ¶ 7 & Ex. C-3 (May 12, 2026 Proof of Delivery). Although the package was delivered by Federal Express on May 13, 2026, OIJA again did not receive a response. *Id.* OIJA conducted a public database search, which confirmed that a vehicle was registered in Mr. Ekiz's name at the address to which the three letters were sent. *Id.* ¶ 8.

3. Having failed to obtain Mr. Ekiz's voluntary cooperation in responding to the interrogatories, OIJA now seeks an order from this Court, pursuant to 28 U.S.C. § 1782(a), appointing Attorney Koprowski as Commissioner of the Court to allow her to obtain the requested information from Mr. Ekiz via a subpoena.

**Discussion**

4. Section 1782 of Title 28 of the United States Code provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). Section 1782 "'was designed to facilitate the conduct of litigation in foreign tribunals, improve international cooperation in litigation, and put the United States into the leadership position among world nations in this respect.'" *In re Biomet Orthopaedics Switz. GmbH*, 742 F. App'x 690, 695 (3d Cir. 2018) (quoting *Bayer AG v. Betachem, Inc.*, 146 F.3d 188, 191-92 (3d Cir. 1998)).[2]

5. In considering an application under § 1782, a court "must first determine whether certain statutory requirements are met[.]" *In re O'Keeffe*, 646 F. App'x 263, 265 (3d Cir. 2016) (footnote omitted). "The fundamental statutory requirements for a discovery subpoena under section 1782 are: (1) the person from whom discovery is sought resides in the district; (2) the request seeks the 'testimony or statement' of a person or the production of a 'document or other thing'; (3) the discovery is for use in proceedings before a foreign or international tribunal; and (4) the application

[2] The Hague Convention is in force in both the United States and Turkey. *See* https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited Sept. 14, 2026), *archived at* https://perma.cc/K3YV-YBNH.

is made by either a 'foreign or international tribunal' or by an 'interested party.'" *Id.* at 265 n.4 (quoting 28 U.S.C. § 1782).

6. Once the statutory requirements are satisfied, the reviewing court may consider additional factors in determining whether to exercise its discretion to grant the application. *Id.* at 265-66. In *Intel Corporation v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), the United States Supreme Court identified four factors (the "*Intel* factors") relevant to this discretionary determination: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding" and thus "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the § 1782(a) request is "unduly intrusive or burdensome[.]" *Id.* at 264-65. "'The *Intel* factors are not to be applied mechanically.'" *In re Alpine (BVI) L.P.*, No. 24-337, 2024 WL 4336824, at *3 (D.N.J. Sept. 27, 2024) (quoting *Kiobel v. Cravath Swaine & Moore, LLP*, 895 F.3d 238, 245 (2d Cir. 2018)). Moreover, no single factor is dispositive or should be accorded more weight than the others. *Id.* (quotation omitted). Ultimately, the decision whether to grant a § 1782 application is committed to "the Court's broad discretion." *Id.* (citations omitted).

7. Here, the Court finds that the Application satisfies all of the threshold statutory requirements set forth in 28 U.S.C. § 1782. First, Mr. Ekiz resides in this District—specifically in Delran, New Jersey—as confirmed by a public database search and OIJA's repeated efforts to contact him. *See* Koprowski Decl. ¶¶ 5-8 & Ex. C. Second, the request seeks Mr. Ekiz's testimony or statement. *Id.* ¶ 2 & Ex. A. Third, the discovery is for use in divorce proceedings before the Turkish

Court. *Id.* Finally, the Letter of Request was issued by the Turkish Court, which is a foreign tribunal. *Id.* Thus, the statutory requirements are satisfied.

8. The Court now turns to the discretionary *Intel* factors. The first *Intel* factor considers whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach," necessitating § 1782(a)'s aid. *Intel*, 542 U.S. at 264. The focus of this factor is "whether the discovery sought is 'unobtainable' in the foreign forum because it is outside the foreign tribunal's jurisdictional reach." *SPS Corp. I v. Fundo De Investimento Em Direitos Creditórios Não Padronizados,* 110 F.4th 586, 592 (3d Cir. 2024) (citing *Intel*, 542 U.S. at 264).

9. Here, Mr. Ekiz, the individual from whom discovery is sought, is not a participant in the Turkish proceedings. He resides in Delran, New Jersey, beyond the Turkish Court's jurisdiction, and the discovery cannot be obtained in the foreign forum without U.S. judicial assistance. Accordingly, the first *Intel* factor weighs in favor of granting the Application.

10. Under the second *Intel* factor, a court "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "[W]here a foreign tribunal opposes such aid, granting discovery would undermine the spirit of comity underlying § 1782 by discouraging foreign tribunals from 'heeding similar sovereignty concerns posited by our governmental authorities to foreign courts.'" *In re Application for Discovery for Use in Foreign Proc.*, No. 17-4269, 2019 WL 168828, at *8 (D.N.J. Jan. 10, 2019) (quoting *In re Schmitz*, 259 F. Supp. 2d 294, 298 (S.D.N.Y. 2003)). The proper inquiry is not "whether *particular* evidence would be admissible in a foreign court" but whether the foreign tribunal is generally receptive to "'U.S. federal-court judicial assistance.'" *In re O'Keeffe*, 646 F. App'x at 267 (emphasis in original) (quoting *Intel*, 542 U.S. at 264).

11. Here, the request was initiated by the Turkish Court itself. The Turkish Court's initiation of the request demonstrates its receptivity to U.S. federal-court judicial assistance. *See In re Request for Int'l Jud. Assistance from the Norrköpking Dist. Ct., Swed.*, 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015) (finding that where the foreign tribunal itself requests U.S. federal-court judicial assistance, the second factor weighs in favor of granting the application). Accordingly, this factor weighs in favor of granting the Application.

12. The third *Intel* factor asks "whether the subpoena request conceals an attempt to circumvent foreign proof-gathering restrictions." *In re O'Keeffe*, 646 F. App'x at 268. "[T]he law is clear that an applicant is not required to seek discovery in the foreign forum before filing a § 1782 application." *In re RH2 Participaes Societrias LTDA*, No. 23-4025, 2024 WL 3598379, at *6 (D.N.J. July 31, 2024) (citing *In re O'Keeffe*, 646 F. App'x at 268; *Cal. State Tchrs.' Ret. Sys.*, No. 19-16458, 2020 WL 6336199, at *9 (D.N.J. Oct. 29, 2020)). Moreover, "that the discovery may be unobtainable in the foreign forum is not a basis to deny an application under § 1782." *Id.* (citing *In re Chevron Corp.*, 633 F.3d 153, 163 (3d Cir. 2011)). Indeed, the fact that a foreign jurisdiction "does not offer a mechanism for general pretrial discovery comparable to that obtainable in the United States" creates "a textbook predicate for a successful § 1782 petition, given courts' consistently liberal interpretation of the statute and its objective 'to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws.'" *Kulzer v. Esschem, Inc.*, 390 F. App'x 88, 92 (3d Cir. 2010) (quoting *Intel*, 542 U.S. at 262).

13. Here, the Turkish Court itself has requested the discovery. Thus, the subpoena does not "conceal[] an attempt to circumvent foreign proof-gathering restrictions" or to otherwise evade Turkish discovery rules or Turkish policy. *See In re Request for Jud. Assistance from Seoul Cent. Dist. Ct. in Seoul, Republic of S. Kor.*, No. 23-mc-80016, 2023 WL 2394545, at *4 (N.D. Cal. Mar.

7, 2023) ("[T]he fact that the request comes from the Seoul Central District Court supports that the request is not an attempt to circumvent the Republic of Korea's discovery rules."); *In re Request for Jud. Assistance from the Dist. Ct. in Svitavy, Czech Rep.*, 748 F. Supp. 2d 522, 529 (E.D. Va. 2010) ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy." (citation omitted)). Accordingly, the third *Intel* factor weighs in favor of granting the Application.

14. The final *Intel* factor requires courts to consider whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. "'[A]ssessment of the fourth factor is virtually identical to the familiar "overly burdensome" analysis that is integral to the Federal Rules.'" *Cal. State Tchrs.' Ret. Sys.*, 2020 WL 6336199, at *10 (quoting *In re Ex parte Global Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016)). "Thus, the requested discovery must be reasonably calculated to lead to the discovery of admissible evidence, consistent with Rule 26(b)(1), and avoid imposing undue burden or expense on the subpoenaed entity, pursuant to Rule 45(d)." *Matter of Rosa Carolina Germano Dos Santos*, No. 22-1567, 2023 WL 4993673, at *11 (D.N.J. Aug. 4, 2023) (citation omitted); *see also In re Application of Tylor Grp. LLC*, No. 25-16183, 2026 WL 146009, at *3 (D.N.J. Jan. 20, 2026).

15. Here, the Court's review of the proposed subpoena reveals that it is limited to seventeen interrogatories, all of which appear to pertain to the divorce proceedings before the Turkish Court. *See* Koprowski Decl. ¶¶ 2-3 & Exs. A, B, C-1. On its face, the subpoena does not appear unduly burdensome, and the information sought appears narrowly tailored to the subject matter of the proceedings before the Turkish Court. To the extent Mr. Ekiz believes that providing any of the requested information would be unduly burdensome, he may seek relief through a motion to quash.

*See In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.*, 2023 WL 2394545, at *4. Accordingly, the fourth *Intel* factor weighs in favor of granting the Application.

**THEREFORE,** it is this **25th** day of **September 2026**,

**ORDERED** that the Application pursuant to 28 U.S.C. § 1782(a) is **GRANTED**; and it is further

**ORDERED** that Agatha Koprowski, Trial Attorney for the United States Department of Justice, is hereby appointed Commissioner of this Court to obtain by subpoena the requested evidence in the form of a written affidavit from Halil Ekiz for transmission to the United States Department of Justice, Office of Foreign Litigation, Office of International Judicial Assistance, and thereafter to the 9th Family Court in Bursa, Türkiye, in *Ìbrahim Kurt v. Safiye Kurt*, and to do all else that may be necessary for the accomplishment of the purpose of this Order; and it is further

**ORDERED** that Halil Ekiz shall respond to the Office of International Judicial Assistance within the time indicated on the subpoena, which shall be no less than fourteen (14) calendar days after service of the subpoena, unless Halil Ekiz files, no later than that deadline, a motion to quash or modify the subpoena in this Court; and it is further

**ORDERED** that the Office of International Judicial Assistance shall provide Halil Ekiz with a copy of this Order and the accompanying documents at his address in Delran, New Jersey.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Christine P. O'Hearn, U.S.D.J.